QUESTION: What effect does s. 166.021(4) and (5), F.S., of the Municipal Home Rule Powers Act have on a special law establishing a civil service board in the City of Hallandale?
SUMMARY: Pursuant to Ch. 166, F.S., the Municipal Home Rule Powers Act, the governing body of the City of Hallandale, in the absence of the approval of the municipal electorate as provided in s. 166.031, may make no change in Ch. 30793, 1955, Laws of Florida, which affects matters prescribed by that law relating to the appointive civil service board established thereby or which affects the rights of city employees. Chapter 30793, 1955, Laws of Florida, created a civil service board for the City of Hallandale and assigned to it, generally, the duty and authority to implement the civil service provisions contained therein. The board, which is composed of five members — three members appointed by the governing body of the city, one member selected by the regular members of the police department, and one member selected by the regular members of the fire department — is directed to adopt a code of rules and regulations which governs the employment, conduct, and discharge of, and has the force and effect of law on, municipal employees. Section 5, Ch. 30793, supra. The law also provides, inter alia, that appointments to fill vacancies in city employment, with certain specified exceptions, shall be made from a list of eligible municipal employees maintained by the board, s. 6, Ch. 30793; the discharge of a permanent employee shall be preceded by the service upon him of a written notice of discharge stating the grounds for discharge, s. 10, Ch. 30793; a discharged employee may appeal his discharge to, and receive an evidentiary hearing from, the board, which shall then render a decision to affirm, disaffirm, or modify the discharge, ss. 11 and 12, Ch. 30793; and a permanent employee may be suspended for a maximum of 30 days without pay and may appeal such suspension to the board, s. 16, Ch. 30793. Section 26 of Ch. 30793 provides that, if approved by a majority of the electorate, the law "shall be construed to be an addition to [the municipal charter]. . . ." Against this background, the Municipal Home Rule Powers Act, Ch. 73-129, Laws of Florida, revising Ch. 166, F.S. 1971, was enacted by the Florida Legislature to grant broad home rule powers to municipalities. In order to effect this grant, many provisions of municipal charters and special acts which constituted limitations on, or pertained exclusively to, the power or jurisdiction of a particular municipality were nullified and repealed thereby or converted into ordinances. Section 166.021(4) and (5). Accord: Attorney General Opinion 073-478. However, as provided in s.166.021(4), nothing in the Municipal Home Rule Powers Act is to be construed to permit any changes in a special law or municipal charter which affect, inter alia, "matters prescribed by the charter relating to appointive boards" or "any rights of municipal employes," without approval by referendum of the municipal electorate as provided in s. 166.031. Applying the foregoing provisions of the Municipal Home Rule Powers Act to the instant situation, I am of the opinion that, without approval of the municipal electorate, the governing body of the City of Hallandale may make no change in Ch. 30793, supra, which affects matters prescribed by that law relating to the appointive civil service board established thereby. See, e.g., that provision of Ch. 30793 mentioned hereinabove which provides that the board shall adopt a code of rules and regulations to govern the employment, conduct, and discharge of city employees. Moreover, I am of the further opinion that, without the approval of the municipal electorate, the governing body may make no change in Ch. 30793 which affects the "rights" of city employees. See, e.g., those provisions of Ch. 30793 described hereinabove, which provide that, with certain specified exceptions, vacancies in city employment will be filled from eligibility lists; discharged municipal employees must receive a statement of grounds for discharge and may appeal to the civil service board; and suspended employees may appeal to the civil service board. Cf. AGO 073-427, defining "any rights of municipal employees" within the purview of s. 166.021(4), F.S., to mean "anything conferred on municipal employees by the charter or special act which is legally enforceable," and holding that a pension plan set out in a municipal charter is a "right" of municipal employees under the Municipal Home Rule Powers Act; also cf. AGO 074-141.